

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
FEB 2 1 2008
J T NOBLIN CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NICHOLAS SAUCIER     PLAINTIFF

VERSUS     CIVIL ACTION NO. 5:08cv151DCB-JMR

BRIDGESTONE/FIRESTONE NORTH AMERICA
TIRE L.L.C. F/K/A BRIDGESTONE/FIRESTONE, INC.; and
MAZDA MOTOR OF AMERICA, INC.     DEFENDANTS

## COMPLAINT

The Plaintiff alleges:

1. The Plaintiff is an adult resident citizen of Mississippi.

2. The Defendants are:

   a. Bridgestone/Firestone North America Tire L.L.C. f/k/a Bridgestone/Firestone, Inc. ("Firestone"), a corporation incorporated under the laws of Delaware with its principal place of business in Tennessee that is qualified to do business in Mississippi and doing business in Mississippi, with Corporation Service Company, 506 S. President Street, Jackson, Mississippi 39201-5301, as its registered agent with service of process; and

   b. Mazda Motor of America, Inc. ("Mazda America" or "Mazda"), a corporation organized under the laws of California with its principal place of business in California, that is qualified to do business in Mississippi and doing business in Mississippi with C. T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, as its registered agent for service of process.

3. The Court has jurisdiction under 28 U.S.C. §1332(a)(1), because there is complete diversity of citizenship between the parties and the amount in controversy, excluding interest and costs, exceeds $75,000.00.

4. Firestone and Mazda American transact business in this judicial district sufficient to subject the Defendants to personal jurisdiction in this judicial district. The

Defendants are therefore deemed residents of this judicial district under 28 U.S.C. §1391(a) and §1391(c).

## Facts

5. On and before October 15, 2005, Firestone was engaged in the business of designing, testing, manufacturing, distributing, and selling tires to the public.

6. On and before October 15, 2005, Mazda America was engaged in the business of designing, testing, manufacturing, distributing, and selling cars and trucks to the public.

7. On October 15, 2005, in the Southern District of Mississippi, the Plaintiff was a passenger in a Mazda B2000 truck (the "truck") manufactured by Mazda America that was equipped with tires manufactured by Firestone.

8. On October 15, 2005, one of the Firestone tires, a Firestone Firehawk RMT (the "tire"), catastrophically failed as result of a tread belt separation and the defective condition of the tire.

9. On October 15, 2005, the driver of the Mazda truck was unable to control the truck after the tire failed, and the truck rolled over, all of which resulted in the Plaintiff's personal injuries and damages.

10. The Plaintiff suffered serious permanent bodily injuries, and is permanently disabled. The Plaintiff is entitled to damages against the Defendants.

## First Claim - - Implied Warranty

For a first claim against Firestone and Mazda America, the Plaintiff alleges:

11. On and before October 15, 2005, Firestone was engaged in the business of

designing, manufacturing, distributing, and selling tires to the public, and therefore, Firestone was a seller defined by *Miss. Code Ann.* §75-2-103(1)(d) (Rev. 2002), and a merchant defined by *Miss. Code Ann.* §75-2-104(1) (Rev. 2002).

12. At all material times, Mazda America was engaged in the business of designing, manufacturing, distributing, and selling trucks to the public, and therefore, Mazda America was a seller defined by *Miss. Code Ann.* §75-2-103(1)(d) (Rev. 2002), and a merchant defined by *Miss. Code Ann.* §75-2-104(1) (Rev. 2002).

13. The Firestone tire and the truck are goods defined by *Miss. Code Ann.* §75-2-105(1) (Rev. 2002).

14. Under *Miss. Code Ann.* §75-2-314(2)(a) and (c) (Rev. 2002), Firestone impliedly warranted that the tire was free of defects, fit for its ordinary purposes, and was of merchantable quality.

15. Under *Miss. Code Ann.* §75-2-314(2)(a) and (c) (Rev. 2002), Mazda America impliedly warranted that the truck was free of defects, fit for its ordinary purposes, and was of merchantable quality.

16. Firestone designed, manufactured, sold, and placed the tire into the stream of commerce that lacked adequate internal components and was likely to experience a tread separation and delamination during its useful life. The defective condition of the tire that failed made the tire defective and unmerchantable under Mississippi law.

17. The defective condition of the Firestone tire that caused the accident included the following:

    a. inadequate internal components in the tire, including but not limited to the belt edge package, innerliner, nylon overlays, 0° cap plies, skim

rubber, wedges, and/or anti-aging chemicals; and

b. the tire was manufactured with improper adhesion between the steel belts that caused the tire to fail.

18. The defective condition of the tire was not reasonably observable by the Plaintiff or the owner of the truck who, lacking the technical skill and knowledge required to examine the internal components of the tire for defects, relied on Firestone to design, test, manufacture, sell, and deliver the tire in a condition fit for use for the purposes intended.

19. The tire was designed, manufactured, and assembled in a way that made the defective condition undiscoverable to the Plaintiff and the owner of the truck until such time as an accident occurred.

20. The tire was defective when it left Firestone's control.

21. Mazda America designed, manufactured, sold, and placed into the stream of commerce the truck that was unstable and prone to rollover and difficult to control in an emergency situation. The defective condition of the truck made the truck unreasonably dangerous and defective.

22. The truck was defective and unmerchantable.

23. The truck was defective when it left Mazda America's control.

24. The defective condition of the Mazda that caused the accident included the following:

a. inappropriate handling characteristics;

b. inappropriate stability characteristics;

c. inappropriate shock absorbers and shock placement; and

      d.     inappropriate height and width.

25. The defective tire and truck were each a proximate cause of personal injuries and damages the Plaintiff has sustained or will sustain, including past and future (a) physical and mental pain and suffering; (b) loss of enjoyment of life; (c) physical disability; (d) medical expenses; (e) lost wages and impaired earning capacity; and (f) disfigurement.

### Second Claim - - Magnuson-Moss Warranty Act

For a second claim against Firestone and Mazda America, the Plaintiff alleges:

26. The Plaintiff realleges and incorporate the allegations of the First Claim.

27. The Plaintiff is a consumer defined by 15 U.S.C. §2301(3).

28. Firestone and Mazda America are warrantors defined by 15 U.S.C. §2301(5).

29. The tire and the truck are consumer products defined by 15 U.S.C. §2301(1).

30. Firestone's and Mazda America's acts and omissions constitute a breach of warranty under 15 U.S.C. §2301(d)(1).

31. Mazda America placed the truck into the stream of commerce.

32. The Mazda America truck is a "good" for purposes of the Mississippi Uniform Commercial Code ("UCC"), and at the time the truck was sold, Mazda America was a "merchant" with respect to goods of that kind.

33. Mazda America impliedly warranted that the truck was merchantable and reasonably fit for use as a passenger vehicle.

34. Mazda America impliedly warranted as follows:

    a.    the Mazda truck was suitable for use as a passenger vehicle on highways and streets of America when, in fact, it was one of the more dangerous vehicles on the market with respect to driver control and/or handling, rollover stability, and lack of roof crashworthiness;

  b. the truck was suitable for safe use on highways as depicted in the advertising, marketing, and promotional material distributed to the public;

  c. the truck was suitable for use by individuals who were not experienced engineers or drivers with adequate knowledge and understanding of suspension systems, steering, and handling of vehicles; and

  d. the vehicle was a safe and stable vehicle.

35. At all relevant times, the truck was being used for its intended purpose in a manner that was or should have been anticipated by Mazda America.

36. Mazda America breached the implied warranty of merchantability by selling the truck when the vehicle was not fit for the ordinary purpose for which such goods are used because of the safety, stability, maneuverability, road worthiness, and roof crashworthiness problems described in the Complaint.

37. Firestone placed the tire into the stream of commerce.

38. Firestone impliedly warranted that:

  a. The tire was suitable for use as a passenger vehicle tire on highways and streets of America when, in fact, the tire lacked proper and/or adequate internal components which prevent tread separations and/or delaminations; and

  b. the tire was suitable for safe use on highways as depicted in the advertising, marketing, and promotional material distributed to the public.

39. At all material times, the tire was being used for its intended purpose in a manner that was or should have been anticipated by Firestone.

40. Firestone breached the implied warranty of merchantability by selling the tire when the tire was not fit for the ordinary purpose for which such goods are used because of the safety and adhesion problems.

41.     Firestone's and Mazda America's breach of warranty was each a proximate cause of the Plaintiff's personal injuries and damages.

42.     The Plaintiff is entitled to compensatory damages and attorney's fees and expenses.

### Third Claim - - Strict Liability

For a third claim against Firestone and Mazda America, the Plaintiff alleges:

43.     The Plaintiff realleges and incorporates the allegations of the First and Second Claims.

44.     Firestone and Mazda America are strictly liable in tort to the Plaintiff because:

   a.   Firestone and Mazda America were engaged in the business of designing, manufacturing, distributing, and selling the tire that failed and the truck, respectively;

   b.   Firestone sold the tire in a defective condition, and Mazda America sold the truck in a defective condition;

   c.   the Firestone tire and the truck were expected to reach, and did reach, the consumer without substantial change in its condition;

   d.   the tire left Firestone's control in a defective condition;

   e.   the truck left Mazda America's control in a defective condition; and

   f.   the defective tire and the defective truck were each a proximate cause of the Plaintiff's personal injuries and damages.

45.     The defective tire and truck were each a proximate cause of personal injuries and damages the Plaintiff has sustained or will sustain, including past and future (a) physical and mental pain and suffering; (b) loss of enjoyment of life; (c) physical disability; (d) medical expenses; (e) lost wages and impaired earning capacity; and (f) disfigurement.

### Fourth Claim - - Negligence

7

For a fourth claim against Firestone and Mazda America, the Plaintiff alleges:

46. The Plaintiff realleges and incorporates the allegations of the First, Second, and Third Claims.

47. On and before October 15, 2005, Firestone designed, manufactured, distributed, and sold tires for use on the public roadways, and held itself out as having special expertise in the tire industry.

48. Firestone designed, manufactured, distributed, and sold the tire that failed.

49. Firestone breached its duty of reasonable care by:

    a. negligently failing to warn that the tire was defective;

    b. negligently designing, testing, and manufacturing the tire;

    c. negligently inspecting or failing to inspect the tire for defects;

    d. negligently failing to recall the tire;

    e. negligently failing to disclose post-sale information to the public about a defect in the tire;

    f. negligently failing to inform or warn the Plaintiff and others of the dangers associated with aged tires; and

    g. negligently failing to provide proper information about the manufactured date of the tire.

50. Mazda America had a duty to exercise reasonable care in the design and manufacture of the truck to reduce injuries from foreseeable uses of the truck.

51. Mazda America designed the truck in a way that created a danger that was unknown to the Plaintiff under ordinary use of the truck.

52. Mazda America breached its duty of reasonable care by:

    a. negligently designing and manufacturing the truck in a way that created an unreasonable and dangerous propensity to rollover under

8

normal and foreseeable circumstances;

b. negligently failing to provide a reasonable and adequate warning to distributors and users of the truck about the truck's high center of gravity, instable handling characteristics, inboard shock absorber, the "skate" propensities, and the vehicles' propensity to rollover;

c. negligently testing the truck and its components; and

d. placing the truck into the stream of commerce in a defective condition.

53. The negligence of Firestone and Mazda America was each a proximate cause of the personal injuries and damages the Plaintiff has sustained or will sustain, including past and future (a) physical and mental pain and suffering; (b) loss of enjoyment of life; (c) medical expenses; (d) lost wages and impaired earning capacity; and (e) disfigurement.

**WHEREFORE**, the Plaintiff demands judgment from the Defendants, jointly and severally, in an amount exceeding the minimal jurisdictional limit of the Court, interest on the judgment at the legal rate until paid, attorney's fees and expenses, and costs of court.

THE PLAINTIFF DEMANDS A JURY TRIAL.

**Respectfully submitted,**

NICHOLAS SAUCIER, PLAINTIFF

BY: _____
**Attorney For Plaintiff**

**Wynn E. Clark**
2510 16th Street
Gulfport, MS 39501
228-575-9996 (Telephone)
228-575-9030 (Facsimile)
Miss. Bar No. 6279
E-Mail: wynnclark@bellsouth.net

Albert L. Necaise
2510 16th Street
Post Office Box 717
Gulfport, MS 39502
228-863-1990 (Telephone)
228-868-8307 (Facsimile)
Miss Bar No. 3778
E-Mail: necaisea@bellsouth.net

Skip Edward Lynch (Miss. Bar No. 10460)
P. O. Box 100
Ocala, FL 34478-0100
352-622-1600 (Telephone)
352-622-1611 (Facsimile)
Florida Bar No. 200271
E-Mail: sel@tirefailures.com

**Attorneys For Plaintiff**